**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Jason A. Ibey, Esq. (SBN: 284607)
jason@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile:  (800) 520-5523

**LAW OFFICE OF DANIEL G. SHAY**
Daniel G. Shay (SBN: 250548)
danielshay@tcpafdcpa.com
409 Camino Del Rio South, Suite 101B
San Diego, CA 92108
Telephone: (619) 222-7429
Facsimile:  (866) 431-3292

[Additional Attorneys on Signature Page]

*Attorneys for Plaintiff,*
*Florence Morris*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **FLORENCE MORRIS, Individually and On Behalf of All Others Similarly Situated,**<br><br>**Plaintiff,**<br><br>v.<br><br>**EXPERIAN INFORMATION SOLUTIONS, INC.,**<br><br>**Defendant.** | Case No.: '17CV573 BTM NLS<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO:**<br><br>**THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681 ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

CLASS ACTION COMPLAINT          1

# INTRODUCTION

1. Florence Morris ("Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Experian Information Solutions, Inc. ("Defendant" or "Experian"), for willfully violating the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq ("FCRA"). Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorney.

2. Defendant is a "consumer reporting agency" under the FCRA that provides consumers with their credit reports. The FCRA-governed content of these credit reports is determined by the secretion of consumer reporting agencies such as Defendant. Defendant continuously misrepresents the source of the public record information (such as bankruptcies and civil judgments) Defendant publishes on credit reports ("Public Record Information") in order to circumvent costs associated with purchasing the records from the actual source in violation of 15 U.S.C. § 168lg(a)(2).

3. Defendant works closely with vendors such as LexisNexis to obtain the Public Record Information, then Defendant represents on credit reports, that the Public Record Information originated from a public record such as a court or government entity, rather than the actual source, which is LexisNexis or another vendor.

4. This practice deceives consumers and limits consumers' access to the true source of Public Record Information, therefore preventing consumers from directly addressing the true source of Public Record Information in order to ameliorate any errors if they should occur.

///

## JURISDICTION & VENUE

5. Original subject matter jurisdiction is valid in U.S. District Court for violations of the FCRA pursuant to 28 U.S.C. § 1331.

6. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant transacts business here and because Plaintiff has resided in this District at all times relevant to these claims such that a substantial part of the events giving rise to Plaintiff's causes of action against Defendant occurred within this judicial district.

7. Venue is also proper in U.S. District Court, Southern District of California, pursuant to 28 U.S.C. § 1391(b) because Defendant is deemed to reside in any judicial district in which they are subject to personal jurisdiction at the time the action is commenced, and because Defendant's contacts with this District are sufficient to subject them to personal jurisdiction.

## PARTIES & DEFINITIONS

8. Plaintiff is, and at all times mentioned herein a natural person, individual citizen and resident of the State of California, County of San Diego, in this judicial district. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c) of the FCRA.

9. Plaintiff is informed and believes, and thereon alleges, that Experian is, and at all times mentioned herein was, a corporation registered in Ohio with its principal place of business located in California. Plaintiff alleges that at all times relevant herein Experian conducted business in the State of California, in the County of San Diego, within this judicial district.

10. The causes of action herein pertain to Plaintiff's "consumer credit reports", as defined by 15 U.S.C. § 1681a(d)(1) of the FCRA, in that inaccurate

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

misrepresentations of Plaintiff's information were made via written, oral, or other communication of information by a consumer credit reporting agency, which is used or is expected to be used, or collected in whole or in part, for the purpose of serving as a factor in establishing Plaintiff's eligibility for, among other things, credit to be used primarily for personal, family, or household purposes, and employment purposes.

## FACTUAL ALLEGATIONS

11. Experian is a FCRA-governed "consumer reporting agency" that selectively decides which information to provide to consumers that request the FCRA-governed information in Defendant's possession and which information it will hide from consumers. Defendant withholds certain information in order to minimize its compliance costs and to avoid customer service inquiries directed at them and their business partners or private vendors. As mentioned above, these private vendors and/or business partners include companies like LexisNexis, a third party that sells public record information to Defendant and then, in turn, processes disputes regarding that public record information via the "ACDV" system.

12. Upon information and belief, Defendant misrepresents the source of consumers' bankruptcy Public Record Information by falsely stating that a given courthouse is the source of the Public Record Information, while affirmatively hiding the true source of the Public Record Information.

13. Upon information and belief, Defendant does not obtain its Public Record Information about bankruptcies form courthouses or actual government entities.

14. Defendant obtains information about bankruptcies, court judgments, and liens from private vendors such as LexisNexis.

15. The Public Record Information provided on Experian credit reports is not the actual court record, rather, an abbreviated version of the Public Record Information, which does not contain all the information in actual public records such as those of courthouses or the government. This leads to a large number of mistakes reflected in the Public Record Information on consumers' Experian credit reports.

16. The mistakes in consumer credit reports are seen by anyone that requests that consumer's file, and oftentimes cause injury to that consumer.

17. The FCRA requires credit reporting agencies including Defendant to "clearly and accurately disclose to the consumer the sources of the information" in the consumer's credit report under 15 U.S.C. § 1681g(a)(2).

18. It is imperative that consumers know the true source of the Public Record Information in their credit reports and have the ability to directly address the true source of Public Record Information in order to ameliorate any mistakes in the Public Record Information on credit reports.

19. On or around May 4, 2016, Plaintiff checked her Experian credit report and the Public Record Information listed the source of Plaintiff's Chapter 7 bankruptcy information as "US BANKRUPTCY COURT OKLAHOMA CITY 215 DEAN A MCGEE AVE STE 147 OKLAHOMA CITY OK 73102, (405) 609-5700", rather than LexisNexis, the actual source of the information.

20. There is only an "Identification Number" which is not the correct identification associated with the case, nor is it even the correct format for a bankruptcy case number.

21. On or around December 20, 2016, Plaintiff mailed Defendant a dispute regarding the inaccurate source of the Public Record Information on her May 4, 2016 credit report.

22. Plaintiff specifically wrote in the dispute, "The Public Records bankruptcy source of information is incorrect."

CLASS ACTION COMPLAINT 5

23. On January 10, 2017, Defendant completed its investigation of Plaintiff's dispute, and the Public Record Information remained unchanged, listing the source of the Public Record Information as "US BANKRUPTCY COURT OKLAHOMA CITY 215 DEAN A MCGEE AVE STE 147 OKLAHOMA CITY OK 73102, (405) 609-5700".

24. On information and belief, Defendant did not obtain its Public Record Information concerning Plaintiff from the U.S. Bankruptcy Court. It would be far too costly and cumbersome for Defendant to obtain that information directly from the court, if it is even possible.

25. Bankruptcy courts have converted to electronic filing and files now and use ECF and PACER. The bankruptcy courts do not have paper files for all the bankruptcies that can be pulled to gather public record information.

26. Upon information and belief, Defendant obtained its Public Record Information concerning Plaintiff from one of its private vendors and/or business partners such as LexisNexis that most likely obtains the information from PACER and then processes and organizes the information so Defendant or LexisNexis can pair the information with consumer files.

27. Defendant never identified LexisNexis or any other vendor as the source of the public record information that makes its way into the consumer credit files that it sells, or any of the other less publicized marketing or risk assessment databases that it maintains.

28. Defendant unambiguously deprived Plaintiff of the true source of the valuable Public Record Information, in violation of the FCRA.

29. At all times during the aforementioned actions, there was in full force and effect the following obligations pertaining to Defendant, pursuant to 15 U.S.C. § 1681g(a)(2):

> Every consumer reporting agency shall, upon request, and subject to section 1681h(a)(1) of this title, clearly

and accurately disclose to the consumer: The sources of the information; except that the sources of information acquired solely for use in preparing an investigative consumer report and actually used for no other purpose need not be disclosed: Provided, That in the event an action is brought under this subchapter, such sources shall be available to the plaintiff under appropriate discovery procedures in the court in which the action is brought.

30. At all times during the aforementioned actions, there was in full force and effect the following obligations pertaining to Defendant, pursuant to 15 U.S.C. § 1681e(a)&(b) of the FCRA:

> (a) Identity and purposes of credit users. Every consumer reporting agency shall maintain reasonable procedures designed to avoid violations of section 605 [15 USC § 1681c] and to limit the furnishing of consumer reports to the purposes listed under section 604 [15 USC § 1681b]. These procedures shall require that prospective users of the information identify themselves, certify the purposes for which the information is sought, and certify that the information will be used for no other purpose. Every consumer reporting agency shall make a reasonable effort to verify the identity of a new prospective user and the uses certified by such prospective user prior to furnishing such user a consumer report. No consumer reporting agency may furnish a consumer report to any person if it has reasonable grounds for believing that the consumer report will not be used for a purpose listed in section 604 [15 USC § 1681b].
>
> (b) Accuracy of report. Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

## CLASS ACTION ALLEGATIONS

31. Plaintiff brings this action on behalf of herself and on behalf of all others similarly situated (the "Class").

32. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action for herself and on behalf of a Class defined as follows:

> All persons within the United States who (a) requested their consumer credit reports from Experian or any of its affiliated companies, subsidiaries, or any other Experian entity (b) within the five years prior to the filing of this Complaint and during its pendency and (c) to whom Experian provided a response that did not include any reference to its public records vendor as the source of public records information within the consumer's file disclosure.

33. Defendant and its employees or agents are excluded from the Class.

34. Plaintiff incorporates the prior allegations and estimates that the class is so numerous that joinder of all members is impractical.  Although the precise number of Class members is known only to Defendant, Experian sends tens of thousands of consumer credit report disclosures per year, and Defendant's uniform practice and procedure is to always omit the true source of its public records information from such disclosures.  Accordingly, Plaintiff estimates that the class size numbers in the thousands.

35. Upon information and belief, the consumer credit reports for Plaintiff and the member of the Class do not contain the actual source of the public records information that it reported about the Plaintiffs and the putative class members.  This omission has remained consistent and uniform across time, jurisdictions, and consumers.

36. There are questions of law and fact common to the Class, which common issues predominate over any issues involving only individual class members. For example and without limitation:

    a. whether Defendant misrepresented the true source of its Public Record Information in its consumer credit report disclosures;

    b. whether this failure was a result of the Defendant's standard operating procedure when responding to a consumer's request for a full copy of her or her credit, file;

    c. whether the Defendant's conduct constituted a violation of the FCRA;

    d. whether the Defendant's conduct was willful; and

    e. the appropriate amount of statutory and/or punitive damages that are appropriate for such a violation.

37. Plaintiff's claims are typical of those of the Class members. All are based on the same facts and legal theories. Defendant's response to a consumer's request for a full copy of his or her consumer credit report routinely failed to include any information about source of Public Record Information included on disclosures sent during the full class period. The violations alleged are the same and the class claim will rise and fall entirely based upon whether or not Plaintiff's claim rises or falls.

38. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained counsel experienced in handling actions involving unlawful practices against consumers and class actions. Neither Plaintiff nor her counsel has any interest that might cause her not to vigorously pursue this action. Plaintiff is aware of her responsibilities to the putative classes and has accepted such responsibilities.

39. Certification of a class under Rule 23(b)(l) of the Federal Rules of Civil Procedure is proper. Prosecuting separate actions by or against individual class members would create a risk of adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

40. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is appropriate in that the Defendant has acted on grounds generally applicable to the class thereby making appropriate declaratory relief with respect to the class as a whole.

41. Certification of the Class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

    a. As alleged above, the questions of law or fact common to the members of the Class predominate over any questions affecting an individual member. Each of the common facts and legal questions in the case overwhelm the more modest individual damages issues. Further, those individual issues that do exist can be effectively streamlined and resolved in a manner that minimizes the individual complexities and differences in proof in the case.

    b. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Consumer claims generally are ideal for class treatment as they involve many, if not most, consumers who are otherwise disempowered and unable to afford and bring such claims individually. Further, most consumers affected by the Defendant's FCRA violation would likely be unaware of their rights under the law, or who they could find to represent them in federal litigation. Additionally, individual litigation of the uniform issues in this case would be a waste of judicial resources. The issues at the core of this case are class wide and should be resolved at one time. One win for one consumer would set the law as for every similarly situated consumer.

42. The Defendant's failure to disclose all information in the consumer's credit report, including the sources of the Public Record Information, in response to

a consumer's request for this information violated 15 U.S.C. § 168lg(a)(2) and 15 U.S.C. § 1681e(a)&(b) as to the Plaintiff and the Class members.

43. The conduct, action, and inaction of the Defendant was willful, rendering the Defendant liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

44. Plaintiff and the Class members are entitled to recover costs and attorney's fees, as well as appropriate equitable relief, from the Defendant, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, the violation was negligent entitling the Plaintiffs and the Class to actual damages in the amount of the value of their consumer disclosure.

## CAUSE OF ACTION
## FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681 ET SEQ.

45. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

46. The foregoing acts and omissions constitute numerous and multiple violations of the FCRA.

47. As a credit reporting agency, Experian is required to comply with 15 U.S.C. § 1681g(a)(2) of the FCRA.

48. Experian violated 15 U.S.C. § 1681g(a)(2) by failing to clearly and accurately disclose to Plaintiff and the Class the sources that supplied any information to the credit-reporting agency about Plaintiff and the Class.

49. Plaintiff is informed and believes that Experian violated 15 U.S.C. §§ 1681e(a)&(b) of the FCRA by maintaining the very inaccurate information about which Plaintiff reported.

50. As a result of each and every violation of the FCRA, Plaintiff and the Class are entitled to actual damages, pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney fees and costs pursuant to 15 U.S.C. § 1681o(a)(2).

51. As a result of each and every willful violation of the FCRA, Plaintiff and the Class are also entitled to and seek actual damages of $100.00 to $1,000.00 per violation and such amount as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney fees and costs pursuant to 15 U.S.C. § 1681n(a)(3).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and the Class members pray for judgment as follows against Defendant:

- Certify the Class as requested herein;
- Appoint Plaintiff to serve as the Class Representative in this matter;
- Appoint Plaintiff's Counsel as Class Counsel in this matter;
- Provide such further relief as may be just and proper.

In addition, Plaintiff and the Class members pray for further judgment as follows against Defendant:

## FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681 ET SEQ.

- Actual damages pursuant to 15 U.S.C. § 1681o(a)(1);
- Statutory damages of $1,000.00 per violation per plaintiff, per month of reporting, pursuant to 15 U.S.C. § 1681n(a)(1);
- Punitive damages as the court may allow pursuant to 15 U.S.C. § 1681n(a)(2);
- Injunctive relief to command Experian to correct the information furnished on Plaintiff's and the Class's credit reports and prohibit them from engaging in future violations;
- Attorney fees and costs to maintain the instant action, pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2);
- Any other relief the Court may deem just and proper including interest.

## TRIAL BY JURY

52. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demand, a trial by jury.

Dated: March 23, 2017

Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By:  s/ ABBAS KAZEROUNIAN
       ABBAS KAZEROUNIAN, ESQ.

Additional Plaintiff's Counsel:

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Yana A. Hart, Esq. (SBN: 306499)
yana@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022